UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANDREW S. SATO,

                Plaintiff,

v.

STEVEN L. STRASSER, GARY L. POST,
SCOTT T. IVERSON, and BODO GAJEVIC,

                Defendants.

Case No. 14-CV-565-JPS

ORDER

      The plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint under 42 U.S.C. § 1983 and has requested leave to proceed *in forma pauperis*. (Dockets #1, #2). The total cost of filing a civil action in this district is $400.00, which includes the $350.00 statutory filing fee and a $50.00 administrative fee. However, the $50.00 administrative fee does not apply to persons granted *in forma pauperis* status. Pursuant to the Prison Litigation Reform Act ("PLRA"), the plaintiff is required to pay the full amount of the statutory filing fee, $350.00, for this action. *See* 28 U.S.C. § 1915(b)(1). The PLRA does not require the entire filing fee to be paid up-front; instead, its provisions guide the court in calculating an Initial Partial Filing Fee ("IPFF") and then requires that the prisoner's custodian automatically pay a portion of any deposits to the court towards the filing fee, until the fee is paid in full.

      On May 21, 2014, this court issued an order, calculating plaintiff's IPFF to be $8.00, and requiring plaintiff to pay the filing fee by June 11, 2014. (Docket #5). On May 30, 2014, plaintiff filed a letter with the court stating that he cannot afford to pay the IPFF, but expressing a desire to move forward with his case. (Docket #7). First, the court finds that plaintiff does not have the funds to pay the IPFF; the bases for this finding are plaintiff's statements

in his letter and the earlier-submitted Prisoner Trust Fund Account Statement (Docket #3) showing a balance of negative $0.09. 28 U.S.C. § 1915(b)(4) provides that "[i]n no event shall a prisoner be prohibited from bringing a civil action…for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." The court will accordingly permit the plaintiff to move forward with his case. Before reviewing the plaintiff's complaint, however, the court will first grant plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2), finding, on the basis of the record as already noted, that the plaintiff is truly indigent.

Next, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. Id. If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the

United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) *(citing Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*quoting Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

In his complaint, plaintiff states that the defendants kicked in his door, came through the window, and arrested him in violation of his rights provided in the Fourth, Fifth, and Fourteenth Amendment to the United States Constitution; Article I, Sections 1, 2, 9, and 11 of the Wisconsin State Constitution, Chapter 968 of the Wisconsin State Code. Compl. at 4. Plaintiff avers that the defendants performed a warrantless entry, illegal search and seizure, and an illegal arrest, obtained an illegal search warrant, and submitted a false affidavit to the Police Commissioner. Compl. at 3.

*Heck v. Humphrey*, a case from the United States Supreme Court, guides the court's analysis of plaintiff's complaint. In that case, Roy Heck was convicted of voluntary manslaughter and sentenced to fifteen years in an Indiana prison. *Heck v. Humphrey*, 512 U.S. 477, 478 (1994). Heck filed a suit in federal court under Section 1983, naming his prosecutors and a police investigator as defendants. *Id.* at 479. The complaint alleged that defendants engaged in an unlawful investigation, destroyed exculpatory evidence, and caused an illegal voice identification procedure to be used at plaintiff's trial. *Id.* The district court dismissed the complaint because Heck's claims "directly implicate the legality of [his] confinement." *Id.* The Seventh Circuit affirmed,

and the United States Supreme Court granted certiorari. *Id.* at 479-80. The Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* at 486-87. The Supreme Court instructed District Courts considering complaints for damages under Section 1983 to first consider whether judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence." *Id.* at 487. If the implication of a judgment in plaintiff's favor is that the conviction is invalid, then the court should dismiss the complaint unless the plaintiff has demonstrated that the conviction has already been invalidated. *Id.*

Plaintiff's factual averments and legal argument are comparable to Heck's and, unfortunately for plaintiff, the outcome must be the same. Plaintiff asserts several violations of his rights as an individual under suspicion of having committed a crime and as a defendant. Were this court to decide that his conviction is based on evidence acquired via an unconstitutional search or other unconstitutional behavior, this would certainly imply that his conviction is invalid. So, too, with plaintiff's assertion regarding the false affidavit; a finding that the officers submitted a false affidavit implies that plaintiff was wrongly convicted. Because his claims for

damages challenge the legality of his conviction, and because plaintiff remains in custody and has not demonstrated that his conviction has been invalidated, the plaintiff's Section 1983 claims are not cognizable and the court is obliged to dismiss plaintiff's complaint. *Heck*, 512 U.S. at 487; *Neitzke*, 490 U.S. at 327.

Accordingly,

IT IS ORDERED that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby GRANTED.

IT IS FURTHER ORDERED that this action be and the same is hereby DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

IT IS FURTHER ORDERED that the Clerk of Court document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

IT IS FURTHER ORDERED that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

IT IS FURTHER ORDERED that the Milwaukee County Sheriff David A. Clarke, Jr. or his designee shall collect from the plaintiff's prison trust account the $350.00 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

IT IS FURTHER ORDERED that copies of this order be sent to the warden of the institution where the inmate is confined.

I FURTHER CERTIFY that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 6th day of June, 2014.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge